IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
AUG 20 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY _____ nao _____, DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. CR 25-312 HE |
| -vs- ) | |
| ) | |
| JOSEPH NICANOR ISEZAKI SAN ) | Violations: 18 U.S.C. § 1344 |
| NICOLAS, ) | 18 U.S.C. § 1028A |
| ) | 18 U.S.C. § 1957(a) |
| Defendant. ) | 18 U.S.C. § 982(a)(1) |
| ) | 18 U.S.C. § 982(a)(2) |
| ) | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Federal Grand Jury charges:

### Introduction

At all times relevant to this Indictment:

1. **JOSEPH NICANOR ISEZAKI SAN NICOLAS ("SAN NICOLAS")** was a resident of the Western District of Oklahoma.

2. Tinker Federal Credit Union ("TFCU") was a financial institution headquartered in the Western District of Oklahoma, the accounts and deposits of which were insured by the National Credit Union Administration ("NCUA").

3. Houston Federal Credit Union ("HFCU") was a financial institution, the accounts and deposits of which were insured by the NCUA.

4. Bank of San Francisco was a financial institution, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

## COUNTS 1–9
## (Bank Fraud)

5.  The Federal Grand Jury incorporates paragraphs 1–4 by reference.

### The Scheme to Defraud

6.  From in or about January 2022 through at least in or about May 2024, **SAN NICOLAS** knowingly executed and attempted to execute the following scheme to defraud:

    A.  Using his insider access at TFCU and Company 1, as alleged herein, **SAN NICOLAS** linked accounts at TFCU, HFCU, and Bank of San Francisco that did not belong to him to investment accounts owned and controlled by **SAN NICOLAS** at investment companies such as Coinbase, Robinhood, and Charles Schwab, for the purpose of stealing money from the victim accounts. In addition, **SAN NICOLAS** used account numbers for accounts at TFCU, HFCU, and Bank of San Francisco that did not belong to him to make payments to banks, credit card companies, utility companies, insurance companies, and debt collection companies to pay off debt, pay fees, pay premiums, and pay other monetary obligations owed by **SAN NICOLAS** and members of his family. **SAN NICOLAS** falsely represented to these investment companies, banks, credit card companies, utility companies, insurance companies, and debt collection companies that the victim account numbers and account information belonged to him.

    B.  From in or about 2014 through in or about March 2022, **SAN NICOLAS** was an employee of TFCU in Oklahoma City, Oklahoma. Through his employment position at TFCU, **SAN NICOLAS** was able to access and view member

account data, including account numbers and transaction data, through TFCU's banking software platform.

        C.      Beginning in or about January 2022, **SAN NICOLAS** linked to his investment accounts two trust accounts and two personal accounts at TFCU using his insider access at TFCU: (1) the A. Trust account; (2) the J.P.B. Trust account, (3) R.C.'s personal account; and (4) B.H.'s personal account. None of the owners of these accounts knew **SAN NICOLAS**, gave him permission to access their accounts, or gave him permission to take any money from their accounts. **SAN NICOLAS** made unauthorized withdrawals and payments from these victim accounts for his own personal use.

        D.      From in or about August 2022 through in or about January 2024, **SAN NICOLAS** worked as an employee at Company 1, a banking software provider, working remotely from his residence in Edmond, Oklahoma. Company 1 provided the banking software platform used by TFCU, HFCU, and Bank of San Francisco. Through his employment position at Company 1, **SAN NICOLAS** was able to access and view account data, including account numbers and transaction data, for banking customers of TFCU, HFCU, Bank of San Francico, and other financial institutions.

        E.      **SAN NICOLAS** continued the scheme while employed at Company 1. **SAN NICOLAS** linked to his investment accounts five additional TFCU accounts while at Company 1: (1) the A.A.G. Trust account; (2) the M.E.G. Trust account; (3) the M.C.D. Trust account; (4) the L.B.M. Trust account; and (5) the S. Trust account. None of the owners of these accounts knew **SAN NICOLAS**, gave him permission to access their accounts, or gave him permission to take any money from their accounts. **SAN NICOLAS**

3

made unauthorized withdrawals and payments from these victim trust accounts for his own personal use.

F. Beginning in or around August 2023, **SAN NICOLAS** used his insider access at Company 1 to make unauthorized withdrawals and payments from a trust account at HFCU, the B.L.H. Trust account, for his own personal use. The owner of this trust account did not know **SAN NICOLAS**, give him permission to access the account, or give him permission to take any money from the account.

G. Beginning in August 2023, **SAN NICOLAS** linked the B.L.H. Trust account at HFCU to his PayPal account for the purpose of stealing money from the trust account for his own use. Specifically, between on or about August 29, 2023, and on or about May 13, 2024, **SAN NICOLAS** made 61 unauthorized withdrawals from the B.L.H. Trust account to his PayPal account, totaling approximately $12,849.59.

H. Between in or about January 2024 and in or about February 2024, **SAN NICOLAS** deposited seven counterfeit checks into his bank account (account number ending in 4626) at SoFi Bank, National Association ("SoFi"), a financial institution insured by the FDIC, drawn on the B.L.H. Trust account at HFCU, totaling $107,500.00.

I. Beginning in or around January 2024, **SAN NICOLAS** used information he obtained as an insider at Company 1 to make unauthorized withdrawals and payments from a trust account at Bank of San Francisco, the D. 1990 Trust account, for his own personal use. The owner of this trust account did not know **SAN NICOLAS**, give him permission to access the account, or give him permission to take any money from the account.

J. Between in or about January 2024 and in or about February 2024, **SAN NICOLAS** deposited two counterfeit checks into his SoFi bank account (account number ending in 4626), drawn on the D. 1990 Trust account at Bank of San Francisco, totaling $42,000.00.

K. In total, **SAN NICOLAS** stole approximately $588,515.63 from accounts in the custody and control of TFCU, HFCU, and Bank of San Francisco through approximately 215 separate withdrawal, payment, and counterfeit check transactions.

### Executions of the Scheme

7. On or about the dates listed below, in the Western District of Oklahoma, ---------------------- **JOSEPH NICANOR ISEZAKI SAN NICOLAS,** ---------------------- with intent to defraud, knowingly executed and attempted to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of TFCU, HFCU, and Bank of San Francisco, federally insured financial institutions, by means of materially false pretenses, representations, and promises. Specifically, **SAN NICOLAS** executed the following transactions in furtherance of the scheme to defraud:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | February 8, 2022 | Automated Clearing House ("ACH") withdrawal of $15,000.00 from the J.P.B. Trust account at TFCU to Robinhood account (account number ending in 5324) owned and controlled by **SAN NICOLAS**. |
| 2 | March 3, 2022 | ACH withdrawal of $20,000.00 from the R.C. personal account at TFCU to Coinbase account (User ID ending in 9c7a) owned and controlled by **SAN NICOLAS**. |

5

| Count | Approximate Date | Description |
|---|---|---|
| 3 | March 21, 2022 | ACH withdrawal of $15,000.00 from the B.H. personal account at TFCU to Coinbase account (User ID ending in 9c7a) owned and controlled by **SAN NICOLAS**. |
| 4 | February 9, 2023 | ACH withdrawal of $15,000.00 from the L.B.M. Trust account at TFCU to Robinhood account (account number ending in 5324) owned and controlled by **SAN NICOLAS**. |
| 5 | November 26, 2023 | ACH Withdrawal of $2,000.00 from the B.L.H. Trust account at HFCU to PayPal account (account number ending in 9996) owned and controlled by **SAN NICOLAS**. |
| 6 | January 31, 2024 | Deposit of counterfeit check in the amount of $30,000.00 (check #106) into **SAN NICOLAS**'s personal account at SoFi (account number ending in 4642) drawn upon the B.L.H. Trust account at HFCU. |
| 7 | January 31, 2024 | Deposit of counterfeit check in the amount of $20,000.00 (check #5003) into **SAN NICOLAS**'s personal account at SoFi (account number ending in 4642) drawn upon the D. 1990 Trust account at Bank of San Francisco. |
| 8 | February 8, 2024 | Deposit of counterfeit check in the amount of $20,000.00 (check #112) into **SAN NICOLAS**'s personal account at SoFi (account number ending in 4642) drawn upon the B.L.H. Trust account at HFCU. |
| 9 | March 20, 2024 | Web payment of $4,333.27 from the D. 1990 Trust account at Bank of San Francisco for U.S. Bank National Association credit card account (card number ending 2613) owned by **SAN NICOLAS**. |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS 10–11
## (Aggravated Identity Theft)

17. The Federal Grand Jury incorporates paragraphs 1–4 and 6–7 by reference.

18. On or about the dates listed below, in the Western District of Oklahoma,

------------------- **JOSEPH NICANOR ISEZAKI SAN NICOLAS,** -------------------

during and in relation to Bank Fraud, a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), knowingly transferred, possessed, and used, without lawful authority, the indicated means of identification of another person:

| Count | Approximate Date | Means of Identification | Felony Offense |
|---|---|---|---|
| 10 | March 2, 2022 | Bank account number of R.C. to link R.C.'s personal bank account number to **SAN NICOLAS**'s Coinbase account (User ID ending in 9c7a). | Bank Fraud (18 U.S.C. § 1344), as charged in Count 2. |
| 11 | March 4, 2022 | Bank account number of B.H. to link B.H.'s personal bank account number to **SAN NICOLAS**'s Coinbase account (User ID ending in 9c7a). | Bank Fraud (18 U.S.C. § 1344), as charged in Count 3. |

All in violation of Title 18, United States Code, Section 1028A.

## COUNTS 12–13
## (Money Laundering)

19. The Federal Grand Jury incorporates 1–4 and 6–7 by reference

20. Between on or about January 11, 2024, and on or about February 9, 2024, **SAN NICOLAS** deposited nine counterfeit checks into his personal bank account at SoFi (account number ending in 4626), totaling $149,500.00.

7

21. On or about the dates listed below, in the Western District of Oklahoma, ---------------------- **JOSEPH NICANOR ISEZAKI SAN NICOLAS** ---------------------- knowingly engaged in monetary transactions through a financial institution, affecting interstate commerce, in criminally derived property worth more than $10,000.00. In particular, **SAN NICOLAS** made the following transfers of funds from his SoFi personal bank account, such property having been derived from bank fraud, a specified unlawful activity under Title 18, United States Code, Section 1956(c)(7)(A):

| Count | Approximate Date | Description |
|---|---|---|
| 12 | January 30, 2024 | Payment of $39,153.67 from **SAN NICOLAS**'s SoFi bank account (account number ending in 4626) to Carmax for the purchase of a 2022 Ford Bronco (VIN: 1FMEE5DP7NLB39328) |
| 13 | February 12, 2024 | Payment of $29,652.97 from **SAN NICOLAS**'s SoFi bank account (account number ending in 4626) to Carmax for the purchase of a 2021 Ford Mustang Mach-E (VIN: 3FMTK2R76MMA28905) |

All in violation of Title 18, United States Code, Section 1957(a).

### **FORFEITURE**

The allegations contained in this Indictment are hereby re-alleged and incorporated for the purpose of alleging forfeiture.

Upon conviction of any of the offenses alleged in Counts 1 through 9 of this Indictment, **JOSEPH NICANOR ISEZAKI SAN NICOLAS** shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s), including, but not limited to, a money judgment representing

the amount of proceeds obtained as a result of the offense(s).

Upon conviction of any of the offenses alleged in Counts 12 and 13 of this Indictment, **JOSEPH NICANOR ISEZAKI SAN NICOLAS** shall forfeit to the United States any property, real or personal, involved in such offense(s), and any property traceable to such property.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), **JOSEPH NICANOR ISEZAKI SAN NICOLAS** shall forfeit substitute property, up to the value of the property described below, if, by any act or omission of the defendants, the property described below, or any portion of that property, cannot be located upon the exercise of due diligence; has been transferred or sold to or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty.

The property subject to forfeiture includes, but is not limited to:

1. a 2022 Ford Bronco (VIN: 1FMEE5DP7NLB39328); and
2. a 2021 Ford Mustang Mach-E (VIN: 3FMTK2R76MMA28905).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

[signature]

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

[signature]

JACKSON D. ELDRIDGE
Assistant United States Attorney